**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DONALD BATEMAN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-1771 AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Donald Bateman's amended motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 8. In his § 2255 motion, Movant makes two claims: (1) that he was unconstitutionally sentenced as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") based upon the principles in *Johnson v. United States*, 135 S. Ct. 2551 (2015); and (2) that his defense counsel was ineffective for failing to object to his classification as a career offender. For the reasons set forth below, Movant's motion will be denied.

**I.   Background**

On May 22, 2015, Movant pleaded guilty to conspiring to distribute heroin and being a felon in possession of a firearm. *See United States v. Bateman*, 4:14-cr-00347-AGF; Crim. ECF No. 162.[1] The United States Probation Office subsequently issued an

---

[1] Filings in the criminal case, *United States v. Bateman*, 4:14-cr-00347-AGF, will be referenced as "Crim. ECF."

amended Presentence Investigation Report ("PSR") that determined Movant was a career offender under U.S.S.G. § 4B1.1(a), due to his prior crimes of violence (specifically, his Missouri convictions for burglary in the first degree and assault in the second degree). Crim. ECF No. 285 at 13. With a total offense level of 29 and a criminal history category of VI, the advisory sentencing guideline range was 151 to 188 months. *Id.* at 28. Defense counsel did not object to the Probation Office's determination that Movant qualified as a career offender or to the sentencing guideline calculations. On November 17, 2015, the Court sentenced Movant to a below-guideline sentence of 90 months in prison. Crim. ECF No. 290. Movant did not appeal his conviction or sentence.

II. **Standard of Review**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *See Davis v. United States*, 417 U.S. 333, 346 (1974).

III. **Discussion**

1. **Movant's Classification as a Career Offender**

Movant argues that he is entitled to relief under § 2255 because, under the principles in *Johnson*, he no longer qualifies as a career offender under the Sentencing Guidelines. In *Johnson*, the Supreme Court found that the Armed Career Criminal Act's

2

("ACCA") residual clause—which defines a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another"—was unconstitutionally vague. 135 S. Ct. at 2563. When Movant was sentenced, the Guidelines had an identical residual clause in the definition of a "crime of violence." U.S.S.G. § 4B1.2(a)(2). Movant claims that his Missouri burglary conviction fell within the scope of the Guidelines' residual clause, which he asserts is now unconstitutionally vague under *Johnson*. Movant thus argues that his burglary conviction should not have been recognized as a crime of violence and that, as a result, he was unconstitutionally sentenced as a career offender.

Movant's argument is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).[2] In *Beckles*, the Supreme Court addressed whether a career offender could assert the holding of *Johnson* to challenge the vagueness of the residual clause in the Guidelines' definition of a crime of violence. The Supreme Court determined that the advisory sentencing guidelines were not subject to vagueness challenges, holding that:

> Unlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

---

[2] Movant filed his § 2255 motion prior to the decision in *Beckles*, and counsel was appointed to represent him. At Movant's request, the proceedings were stayed pending a ruling in *Beckles*. Following the ruling, appointed counsel advised that counsel would no longer advance the argument under *Johnson*, but that Movant did not authorize counsel to dismiss the petition. ECF No. 13. The matter having been briefed, the Court thereafter granted appointed counsel's motion to withdraw. ECF No. 15.

3

*Id.* at 892.

Because the Supreme Court has directly rejected Movant's argument, his challenge to his career offender status cannot stand as a ground for relief. *See, e.g.*, *Beasley v. United States*, No. 1:16CV217 RLW, 2019 WL 3083341, at *2 (E.D. Mo. July 15, 2019) (denying movant's § 2255 because "*Beckles* has rejected the argument that the holding in *Johnson* was applicable to the residual clause of the U.S.S.G."); *Rollins v. United States*, No. 4:16CV599JCH, 2018 WL 3631233, at *2 (E.D. Mo. July 31, 2018) (same); *Evans v. United States*, No. 4:16 CV 1009 RWS, 2018 WL 2267904, at *2 (E.D. Mo. May 17, 2018) (same). As a result, Movant's claim will be denied.

### 2. Ineffective-Assistance-of-Counsel Claim

Movant next argues that he received ineffective assistance of counsel because his attorney failed to object to his classification as a career offender based on his assertion that the Guidelines' residual clause was unconstitutionally vague. Typically, a movant's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006). In order to prevail on an ineffective-assistance-of-counsel-claim, a movant must meet the two-prong test established by *Strickland v. Washington*, 466 U.S. 687, 690, 694 (1984): (1) he must show that counsel's performance was so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," and (2) he must show "that the deficient performance prejudiced the defense," in the sense that "there is a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different." Consequently, counsel is not ineffective for failing to file a motion or make an objection that would have been unsuccessful because the movant was not actually prejudiced.  *See United States v. Johnson*, 707 F.2d 317, 323 (8th Cir. 1983).

Movant's ineffective-assistance-of-counsel claim also fails because, even if defense counsel raised an objection to the vagueness of the Guidelines' residual clause under the principles set forth in *Johnson*, it would have been unsuccessful; the advisory Guidelines are not subject to a Due Process vagueness challenge.  *See Beckles*, 137 S. Ct. at 892.  As a result, Movant cannot establish that he suffered any prejudice, and his ineffective-assistance-of-counsel claim must be denied.

Because the motion and the record conclusively show that Movant is not entitled to relief, no evidentiary hearing is necessary.  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008);  *Watson v. United Sates*, 493 F.3d 960, 963 (8th Cir. 2007).

**IV.   Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Donald Bateman's amended motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED.**  ECF No. 8.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

Dated this 28th day of May, 2020.

                                                      _____
                                                      AUDREY G. FLEISSIG
                                                      UNITED STATES DISTRICT JUDGE